## JACK v. BROWN. (TWO CASES.)

1. **Fraud:** NOT TO BE PRESUMED. Fraud in procuring lessee's signature to a lease will not be presumed, but must be affirmatively established by the evidence.

2. **Real Estate:** ACTION FOR POSSESSION OF: EVIDENCE CONSIDERED. In this cause—an action to recover the possession of real property—the legal title is clearly in the plaintiff, and as the allegations pleaded to overcome the title of plaintiff are not established by a preponderance of the testimony, judgment for the plaintiff is affirmed.

*Appeal from Winnesheik District Court.*

WEDNESDAY, DECEMBER 13.

THESE actions are submitted together as arising to some extent out of the same facts. The first is brought by David Jack, to recover rent upon an alleged lease of 240 acres of land. The second is brought by Mary E. Jack, to recover possession of 80 acres of the same land. The matters of defense will be set out hereafter. The actions were tried as equitable actions. Judgment was rendered in favor of David Jack, for the amount of rent claimed by him, and in favor of Mary E. Jack, for the possession of the land claimed by her. The defendant appeals in both actions.

*L. Bullis*, for appellant.

*Brown & Wellington*, for appellees.

ADAMS, J.—The plaintiff, David Jack, introduced in evidence the lease sued on, and proved, as we think, by a preponder-

**1. FRAUD: not to be presumed.** ance of evidence, the genuineness of the defendant's signature. While the defendant denies that

the signature is his, he rests his defense mainly upon the ground that it was obtained by fraud. The evidence upon which he relies, as showing fraud, consists mainly of his own testimony, which was to the effect that he had no knowledge of signing the lease. But he neither explains, nor attempts to explain, how he might have been induced to sign it. Fraud is not to be presumed, and the fact that he had no knowledge of signing the lease would only show that he had forgotten it. There is, to be sure, a strange circumstance pertaining to the matter. It is not clear that he occupied any part of the premises under the lease, and it is abundantly clear that he never occupied more than 80 acres under any pretense. There is another strange circumstance, and that is, that he was never called upon for any rent, until about the time of the commencement of the action to recover rent. But the strangeness of these circumstances will be mitigated somewhat by a consideration of facts which we shall state hereafter. It is sufficient for us to say now, that we do not think that the evidence is sufficient to justify us in holding that the defendant's signature to the lease was obtained by fraud. It follows that David Jack's right of recovery for rent must be sustained.

We come then to consider whether Mary E. Jack is entitled to recover possession of that part of the premises claimed by her. That she holds the legal title is undisputed; she derived it by conveyance from her husband, David Jack; and he derived title by purchase at an execution sale, made under the foreclosure of a mortgage. The defendant contends, however, that David Jack took title at the execution sale merely as security; that the indebtedness has been paid; that the defendant was the owner of the equity of redemption, and that Mary E. Jack took title subject to his right of redemption.

2. REAL estate : action for possession of : evidence considered.

In 1870, one Henry Brown, brother of the defendant, Stephen E. Brown, was the owner of three tracts of eighty acres each, lying side by side. Upon these three tracts he executed a mortgage to one Fair. Afterward, in the same

year, he sold and con, oyed the east eighty to the defendant, Stephen, who entered into possession and has used and enjoyed the premises as a farm. This is the eighty for recovery of possession of which Mary E. Jack brings her action of right. The Fair mortgage, which was superior to the defendant's title, was foreclosed in 1874. The three eighties were sold at execution sale, in a body, to David Jack, who acquired a sheriff's deed of the same. On the day of the execution of the deed, or soon thereafter, he executed to Henry Brown a contract, whereby, in consideration of certain sums to be paid by Henry before the 1st day of January, 1880, he obligated himself to convey to him the three eighties acquired at the execution sale. Henry was occupying and enjoying the two west eighties as a farm, and the defendant, Stephen, the east eighty. They desired each to remain in possession as before. Henry had conveyed to Stephen the east eighty by deed of warranty, and he doubtless hoped to be able to protect Stephen, by paying David Jack, and by acquiring a re-conveyance as provided in the contract above mentioned. As a part of their arrangement, it was thought best that David Jack should execute a lease of the premises, which should expire January 1, 1880, when Henry was to become entitled to a deed, if he paid according to the contract. As Stephen and Henry were to be left, each in possession of the farm theretofore owned by him, it would have been the natural way, perhaps, for David Jack to execute to each a lease of such farm. He, however, for some reason, of which the evidence affords no explanation, executed one lease, and that of the whole premises, to Stephen. It has been suggested in the argument of the appellee's counsel, that the reason might have been to enable Henry to hold his crops as against his creditors. But it is immaterial whether he executed it for that purpose or some other. Our inquiry now is limited to Mary E. Jack's right of recovery of possession of the eighty claimed by her. She cannot be defeated, unless her husband purchased at execution sale for Henry Brown's benefit, with the understanding that he should have

a right of redemption, and unless payment has been made to the extent, at least, of all liens resting upon the defendant's eighty, and embraced in the foreclosure, or (in the absence of such understanding) unless payment has been made to the amount called for by the written contract, which amount is somewhat greater than the amount of the liens above mentioned. The defendant contends, very strenuously, that the purchase was made for Henry Brown's benefit, and with the understanding that he should have a right of redemption, and that the execution of the contract was an after thought, and made to charge the premises with a greater sum than was necessary for redemption. We do not need to determine this question. If we should adopt the view most favorable for the defendant, we fail to find that the requisite amount has been paid. We do not deem it necessary to state the account between David Jack and Henry Brown. Their account involves very numerous and heavy transactions. It is somewhat confused, and the counsel for the respective parties are not able to agree as to what it shows within $14,000. We are satisfied that not all the items claimed by the defendant as paid by Henry, by way redemption, can properly be so claimed. An item of $1,425 appears to have been expressly applied otherwise. It is true, the defendant claims that more than enough was paid, aside from such item, to effect redemption. Perhaps we might concede that this is so, provided that there was any evidence of the application. The difficulty arises from the fact that Henry Brown was owing David Jack other debts, upon which the payments relied upon were possibly applied. The evidence upon this point is exceedingly unsatisfactory. It may not be the defendant's fault that it is so. He was obliged to rely mostly upon David Jack's books and testimony. It is by no means impossible that the payments applied upon redemption, or so made that the law would deem them so applied, were enough to effect redemption, but the burden is upon the defendant to show such fact, and, we have to say that we think he has failed. Whether the defendant can

ˉhereafter maintain an action to redeem, we do not determine, as no such question is presented. The plaintiff, Mary E. Jack, as the holder of the legal title, must, we think, be allowed to recover possession. In both actions, we think that the judgment must be

AFFIRMED.